UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUEL JIMENEZ-VALDEZ,

                Petitioner,              Case No. 2:19-cv-10233
                                          Hon. Arthur J. Tarnow

v.

PATRICK WARREN,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF
HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY,
AND (3) GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Manuel Jimenez-Valdez ("Petitioner") filed this habeas case under 28 U.S.C.

§ 2254. Petitioner was convicted in the Ingham Circuit Court after he pled guilty to

two counts of delivery/manufacture of between 50 to 449 grams of cocaine. MICH.

COMP. LAWS § 333.7401(2)(a)(iii)). Petitioner was sentenced as a third-time

habitual felony offender to 204 months to 40 years imprisonment.

The petition raises one claim: Petitioner is entitled to withdraw his plea

because the trial judge told his counsel prior to the plea proceeding that he would

impose a 99-month sentence. For the reasons stated below, the Court will deny the

petition and deny a certificate of appealability. The Court will, however, grant

Petitioner leave to appeal in forma pauperis should he chose to appeal this decision.

## I. Background

Petitioner was originally charged with five felony narcotic offenses. On September 6, 2017, Petitioner pled guilty pursuant to a plea agreement to the offense indicated above. (ECF No.8-3, PageID.5.) In exchange for his plea, the prosecutor agreed to dismiss the remaining four charges and to reduce the fourth-time habitual fourth offender charge. Id. at 5.

During the plea hearing, which was conducted with the assistance of a Spanish-speaking translator, Petitioner's trial counsel noted, "the court gave a preliminary indication, not a *Cobbs*, that the court would be inclined to sentence to the bottom of the range, which is 99 months in the Michigan Department of Corrections." Id. The trial court replied, "Right. I made no agreement." Id. Trial counsel then again indicated that there was no agreement as to Petitioner's sentence. Id. The trial court further noted that it would determine Petitioner's sentence during his sentencing hearing, after the Court was fully informed. Id. at 6. Petitioner confirmed that was his understanding of the agreement as well, and he denied that any other promises or threats were made to him and that it was his own choice to plead guilty. Id. at 6, 10-11.

Regarding Petitioner's sentence, the court explained to Petitioner that there had been no agreement:

The Court: There's a recommendation as to what your sentence should be, and that is between 999 - - I'm sorry, 99 months to 240 months on the minimum.

Petitioner (through Interpreter): Okay

The Court: I've had a discussion with counsel and your attorney has made a case to me that should I sentence within the minimum - - or on the minimum side of that 99 months and maybe a bit higher but he's asked me to sentence you on the low end rather than on the higher end of the 240 months, but I've not made a promise to do that. I will decide your case and what I do at the time of sentencing when I'm fully informed. Do you understand that?

Petitioner (through Interpreter): Yes, yes.

The Court: And has anyone told you what else I will do at sentencing?

Petitioner (through Interpreter): No, no. No, I don't have idea.

The Court: Because I don't know either. I don't know enough about your case right now.

Petitioner: Exactly.

Id. at 11-12.

The trial court then continued with Petitioner's guilty plea and accepted it, finding it had been made freely, voluntarily and understandingly without undue influences, threats, or promises of leniency. Id. at 17.

At the subsequent sentencing hearing, trial counsel stated, "[t]he court did not agree on a sentence, but you did tip your hat in the sense that you would be at the low end of the guidelines." (ECF No. 8-4, PageID.7.) The court recalled counsel asking for the bottom of the guidelines, but also that the court had not made an

agreement. Id. at 9. Petitioner then sentenced Petitioner as indicated above. Id. at 9-10.

Following sentencing, Petitioner filed a motion to withdraw his plea through his appellate counsel. In support of the motion, Petitioner filed an affidavit, stating:

> My trial attorney, Lucas Dillon Sr., told me that if I pled guilty to delivering cocaine, 50-449 grams, that the judge had agreed to sentence me to 99 months. If I had known that the judge had not made that agreement, I would not have pled guilty. The interpreter, Pablo Bello, was present at all meetings I had with my attorney and can testify to what my attorney said that the judge had told him about sentencing me to 99 months.

The motion also contained an affidavit signed by Petitioner's trial counsel's, stating:

> During the course of representation, and after discussion with the trial judge and prosecutor, I made representations to Mr. Jimenez-Valdez that if he pled guilty to counts II and III that the prosecution would drop the other charges against him, and that the judge indicated that she would likely sentence Mr. Jimenez-Valdez towards the bottom of his sentencing guidelines. Defense counsel argued that based on Petitioner's eighth-grade education and his inability to speak and understand the English language, Petitioner depended on trial counsel's representation that he would likely receive a sentence of 99 months.

See ECF No. 8-5, PageID.6-7, 8.

On May 30, 2018, a hearing was held on Petitioner's motion. At the conclusion of the hearing, the trial court found that the plea transcript undermined counsel's argument that Petitioner's guilty plea was not knowing. Id. at 13. It found that the record showed that trial counsel had asked for a sentence closer to 99

months, but the trial court communicated it had not made a promise for that sentence, and Petitioner confirmed he understood. Id. at 13-14.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, raising one claim:

> I. Mr. Jimenez-Valdez pled guilty based on information communicated to him by his trial attorney that the trial judge had agreed to impose a minimum prison sentence of 99 months. Instead, he received a minimum sentence of 204 months (17 years). Mr. Jimenez-Valdez is entitled to withdraw his plea of guilty where he did not understand the full consequences and true value of his guilty plea, rendering his plea involuntary under the state and federal due process clauses.

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Jimenez-Valdez*, No. 344290 (Mich. Ct. App. July 26, 2018). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Jimenez-Valdez*, 920 N.W.2d 587 (Mich. 2018) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of

his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. Habeas relief should be denied as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. See *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

### III. Analysis

Petitioner asserts he unknowingly entered his guilty plea because he was led to believe that the trial court had agreed to impose a 99-month sentence. The trial court denied the claim on the ground that the plea transcript belied the claim.

A plea of guilty must be knowingly and voluntarily made. The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these

findings by the state court. *Id*. Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty plea, as evidenced by the plea colloquy, is valid. See *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002).

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-509 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id*. at 509 (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. See *Hastings*, 194 F. Supp. 2d at 669.

Petitioner is unable to show that the trial judge misrepresented the terms of the plea agreement or misled him into believing the terms of the agreement to be other than what they were. In fact, the trial court acknowledged during the plea colloquy that a minimum sentence had been asked for by defense counsel and would be considered by the court, but the court specifically stated that it had *not* made any

decision yet on what Petitioner's sentence would be. Petitioner was advised of the maximum possible sentence he could receive. Petitioner indicated his understanding that no sentence had been predetermined. Petitioner does not assert that any misunderstanding was the result of poor translation. And while he asserts that his trial counsel advised him before the plea that a minimum term had been promised, Petitioner denied any such understanding during the plea hearing itself.

Absent extraordinary circumstances, or some other explanation as to why a Petitioner did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986); *Hastings v. Yukins*, 194 F. Supp. 2d at 669. Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Baker*, 781 F. 2d at 90.

The only agreement stated on the record by the judge was the prosecutor's agreement to dismiss the other counts and to reduce the fourth-time habitual felony offender charge. Petitioner has therefore failed to show that the terms of the plea agreement were breached by the trial judge or that he had any reasonable belief that he would be sentenced to a 99-month minimum term. See *Wright v. Lafler*, 247 F.

App'x. 701, 705-08 (6th Cir. 2007). Because Petitioner's claim was reasonably adjudicated by the state courts, his petition will be denied.

## IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to his claim because it is devoid of merit. Therefore, a certificate of appealability will be denied.

Petitioner is granted permission to appeal in forma pauperis because any appeal would not be frivolous. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **GRANTS**

permission to appeal in forma pauperis.

**SO ORDERED.**

                                  s/Arthur J. Tarnow
                                  Hon. Arthur J. Tarnow
                                  United States District Judge

Dated: January 10, 2020__